UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                   :

RITA NGOZI AGHADIUNO,          :
                                   :

                 Plaintiff,   :

                                   :

              -against-      :

                                   :     20-CV-6493 (OTW)

Commissioner of Social Security,  :

               Defendant.  :     <u>**OPINION & ORDER**</u>

                                   :
---------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

I.    **INTRODUCTION**

On December 12, 2017, Plaintiff Rita Ngozi Aghadiuno ("Plaintiff") filed an application for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income, alleging disability beginning September 1, 2016 due to posttraumatic stress disorder ("PTSD"), anxiety disorder, depression, chronic anemia, thyroid problems, Graves' disease, Lyme disease, edema, deep vein thrombosis, and diabetes. (SSA Administrative Record, dated March, 10, 2021, ECF 14, ("R.") 109-12, 125-26). Plaintiff subsequently amended her alleged onset date to November 1, 2017. (R. 249). Plaintiff's claim was initially denied on July 3, 2018. (R. 109-10). After a hearing held June 24, 2019 (R. 65-108), Administrative Law Judge ("ALJ") Kieran R. McCormack denied Plaintiff's application through a written decision dated September 23, 2019. (R. 14-32).

In his decision, the ALJ found that Plaintiff was not disabled under the Social Security Act during the relevant period between November 1, 2017 and December 31, 2022. (R. 17). The ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or

medically equals one of the listed impairments. (R. 18). Plaintiff requested a review of the ALJ's decision, which was denied by the Appeals Council, making the ALJ's decision the final Agency decision. (R. 1-5).

This appeal followed. I have this case before me on the consent of the parties, pursuant to 28 U.S.C. § 636(c). (Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, dated March, 15, 2021, ECF 16). The parties jointly stipulated to the facts, detailing Plaintiff's medical history and the administrative hearing testimony, which I incorporate by reference.

For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**, the Commissioner's Cross Motion for Judgment on the Pleadings is **DENIED**, and the case is remanded for further proceedings pursuant to 42 U.S.C. § 405(g).

## II.  BACKGROUND

Plaintiff is a 57-year-old who previously worked as a writer/editor. (R. 111, 249, 263). Plaintiff has at least a high school education. (R. 263). Plaintiff was 51 years old as of the amended date the onset of disability on November 1, 2017. (R. 249). Prior to the alleged disability onset date, Plaintiff was treated for anemia, a thyroid disease, and hypothyroidism due to a 2014 total thyroidectomy. (R. 22). Since onset, Plaintiff has sought treatments from several different physicians and specialists for both her physical illnesses and mental impairments. Of those involved in Plaintiff's treatment, Hang Kyu Park, M.D., Plaintiff's primary care physician, Kantha Kumar, M.D., the consulting physician, Gordon Weiss, LCSW-R, Plaintiff's therapist, and Alison Murphy, Ph.D., Plaintiff's psychiatrist, provided opinion evidence that was analyzed by the ALJ in his decision.

**A. The ALJ's Decision**

The ALJ applied a five-step analysis and concluded that Plaintiff was not disabled under the Social Security Act. (R. 15). The ALJ found Plaintiff met the insured status requirements through December 31, 2022 and had not engaged in substantial gainful activity since November 1, 2017, the amended alleged onset date. (R. 17). The ALJ found that Plaintiff had the following severe impairments: hypothyroidism, lymphedema, Lyme disease, anemia, depressive disorder, anxiety disorder, and PTSD. (R. 17). The ALJ also found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (R. 18). The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work. (R. 20). The ALJ determined Plaintiff was unable to perform her past relevant work but was able to perform a significant number of other works. (R. 30-31).

**III.   ANALYSIS**

**B. Applicable Law**

***1. Standard of Review***

A motion for judgment on the pleadings should be granted if the pleadings make it clear that the moving party is entitled to judgment as a matter of law. However, a court's review of the commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the commissioner and whether the correct legal standards were applied. Substantial evidence is more than a mere scintilla but requires the existence of "relevant evidence as a reasonable mind might accept as adequate to support a conclusion," even if there exists contrary evidence. *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Alston v. Sullivan*, 904 F.2d

122, 126 (2d Cir. 1990) (same). This is a "very deferential standard of review." *Brault v. Soc. Sec*.

*Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012). The Court may not determine *de novo*

whether Plaintiff is disabled but must accept the ALJ's findings unless "a reasonable factfinder

would have to conclude otherwise." *Id*.

### 2. *Determination of Disability*

To be awarded disability benefits, the Social Security Act requires that one has the

"inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.

§ 423(d)(1)(A) (2020); *see also* 20 C.F.R. § 416.905(a) (2012). An ALJ makes this determination

through a five-step evaluation process, for which the burden rests on the plaintiff for the first

four steps and only after all four steps are satisfied does the burden then shift to the

commissioner for the final step. 20 C.F.R. § 416.920 (2012).

First, an ALJ must determine that the plaintiff is not currently engaged in substantial

gainful activity. Second, an ALJ must find that the plaintiff's impairment is so severe that it

limits her ability to perform basic work activities. Third, an ALJ must evaluate whether the

plaintiff's impairment falls under one of the impairment listings in 20 C.F.R. Pt. 404, Subpart P,

Appendix 1, ("Listings"), such that she may be presumed to be disabled. Absent that, an ALJ

must then determine the claimant's RFC, or her ability to perform physical and mental work

activities on a sustained basis. Fourth, an ALJ then evaluates if the plaintiff's RFC precludes her

from meeting the physical and mental demands of her prior employment. If the plaintiff has

satisfied all four of these steps, the burden then shifts to the commissioner to prove that based

on the plaintiff's RFC, age, education, and past work experience, the plaintiff is capable of

performing some other work that exists in the national economy.

**C.   Analysis of ALJ's Decision**

Two issues are in dispute: (1) whether the ALJ adequately assessed the opinion

evidence, or had sufficient guidance from healthcare professionals, in determining Plaintiff's

physical RFC to support his decision with substantial evidence; and (2) whether the ALJ

adequately assessed the opinion evidence, or had sufficient guidance from healthcare

professionals, in determining Plaintiff's mental RFC to support his decision with substantial

evidence.

> ***1. Whether the ALJ failed to adequately assess the opinion evidence, or had
> sufficient guidance from healthcare professionals, in determining Plaintiff's
> physical RFC to support his decision with substantial evidence.***

Plaintiff contends that the ALJ's reasoning for the rejection of the treating opinions of

Dr. Park, Plaintiff's primary care physician, was insufficiently supported, and that the ALJ

provided his physical RFC determination without taking meaningful guidance from a healthcare

professional. (Complaint, ECF 1, ¶ 9-10).

The ALJ failed to adequately assess the opinion evidence, in determining Plaintiff's

physical RFC to support his decision with substantial evidence. A Court's review is guided by the

regulations outlined in 20 C.F.R. § 404.1520c and 416.920c, which replace the "treating

physician rule" for claims filed after March 27, 2017. Under new regulations, a commissioner

must consider all medical opinions and "evaluate their persuasiveness" on the basis of five

factors: supportability, consistency, relationship with the claimant, specialization, and "other

factors." 20 C.F.R. § 404.1520c(a). The most important factors for consideration are

supportability and consistency, which are the "same factors" that formed the foundation of the treating source rule. Revisions to Rules, 82 Fed. Reg. 5844-01 at 5853 (Jan. 18, 2017), see 20 C.F.R. § 404.1520c(a), 416.920c(a).

     a) *The ALJ failed to support his rejection of Dr. Park's opinions with substantial* *evidence.*

     The ALJ failed to properly engage in the requisite supportability analysis. While an ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources," she must weigh conflicting evidence in arriving at a decision on RFC. *Matta v. Astrue*, 508 Fed.Appx. 53, 56 (2d Cir. 2013). An ALJ violates the treating physician rule by supplanting her own view of the medical evidence for that of treating physicians. *Martin v. Colvin*, 13-CV-2827, 2014 WL 4467709, at *14 (S.D.N.Y. Sept. 10, 2014).

     Here, in determining that Dr. Park's opinions were unsupported, the ALJ failed to explain how Dr. Park's observations of swelling and edema, diagnoses of leg pain and swelling, as well as left shoulder, arm, and finger pain factored into his decision. Instead, the ALJ reported that the examinations were "completely normal," impermissibly substituting his own lay opinions for that of competent medical opinions. The ALJ failed to acknowledge evidence that Plaintiff needed assistance with these activities,[1] and needed to take frequent breaks while conducting these activities.[2] In citing to daily living "evidence" to determine that Plaintiff was not disabled, the ALJ again substituted his own opinion for that of the expert diagnosis of Dr. Park, and again

---

[1] Plaintiff noted needing a home health aide to help with kids to school (R. 275), help with laundry, repairs, and mowing (R. 278), needing to take frequent breaks to while shopping (R. 101-02). Plaintiff also noted having to do many activities from bed and with the assistance of her 13-year-old son. (R. 97).

[2] Plaintiff noted only being able to walk 100 feet consecutively without stopping (R. 281), and having difficulty standing, walking, and climbing stairs for extended periods of time. (R. 280). Plaintiff's son also noted her difficulty walking. (R. 343).

failed to explain how he considered Dr. Park's diagnoses in determining that Dr. Park's medical opinions were unsupported.

b) <u>The ALJ improperly concluded that Dr. Park's opinions were consistent.</u>

The ALJ found that Dr. Park's opinions were inconsistent with the record and not supportive. (R. 28). The consistency factor looks at whether a medical provider's findings and opinions are consistent with those of other medical providers and medical evidence. The more consistent a particular medical source/opinion is with other evidence in the medical record, the stronger that medical opinion becomes. 20 C.F.R. § 404.1520c(c)(2), 416.920c(c)(3). Here, Dr. Park's opinions echo the findings of several other medical sources in the record, most notably his findings of swelling/edema. While Defendant noted that Dr. Park's opinions inconsistently referred to a diagnosis of edema (R. 28), Dr. Bui, Stokes, Kumar, Yanofsky, and Levin all made notes of findings of swelling/edema in their reports over a span of several years.[3] Dr. Park's opinions are also consistent with five different physicians who had treated Plaintiff since 2013. Accordingly, reference to the record and the totality of evidence supports a determination that Dr. Park's opinions are consistent, and warrants reconsideration in light of the other evidence in determining Plaintiff's physical RFC.

2. **Whether the ALJ failed to adequately assess the opinion evidence, or had sufficient guidance from healthcare professionals, in determining Plaintiff's mental RFC to support his decision with substantial evidence.**

Plaintiff also contends that the ALJ afforded little consideration to relevant portions of

---

[3] Dr. Yanofsky (R. 515-20) (flagging Plaintiff's reports of edema and diagnosing +1 pitting edema of the tibias and ankles); Dr. Levin (R. 377) (noting patient reports of swelling and assessing edema); Dr. Kumar (R. 485-86) (noting patient reports of swelling and diagnosing 1+ bilateral non-pitting edema); Dr. Bui (R. 666) (diagnosing bilateral lower extremity edema) (incorrectly credited as Dr. Duyet, physician's first name); Dr. Stokes (R. 900) (noting ongoing swelling of the feet and legs, and diagnosis of edema).

Dr. Murphy's opinion, to the consulting psychologist, and rejected the opinion of Mr. Weiss,

Plaintiff's therapist, without sufficient reasoning. (Joint Stipulation, dated July, 2021, ECF 21,

("Stip.") 39-41).

a) *The ALJ failed to support his rejection of Dr. Murphy's opinions with substantial evidence.*

The ALJ found Dr. Murphy's opinions persuasive and consistent with the record as a

whole, but discounted the portion of Dr. Murphy's opinions which determined that Plaintiff had

a moderate limitation in her ability to keep a regular schedule. (R. 33). The ALJ determined that

this position was inconsistent with Dr. Murphy's finding that Plaintiff had intact memory. (R.

30). However, memory alone is not responsible for one's ability to meet a schedule, but may be

a function of one's overall mental health and well-being. Dr. Murphy noted Plaintiff's complaint

of excessive apprehension and worry. (R. 478). The exam noted sad and anxious mood and sad

and depressed affect. (R. 478). Dr. Murphy finding that Plaintiff had a moderate limitation in

her ability to maintain a regular schedule concurs with Plaintiff's hearing testimony, where

Plaintiff explained how she would miss appointments over indecisiveness brought on by her

anxiety impairment. (R. 97-98). Dr. Murphy diagnosed unspecified depressive disorder,

unspecified anxiety disorder, PTSD, and a history of generalized anxiety disorder and

concluded: "The results of the present evaluation appear to be consistent with psychiatric

problems that may significantly interfere with the claimant's ability to function on a daily basis."

(R. 14). One such daily functions reasonably includes meeting a regular work schedule.

Therefore, the ALJ failed to consider the totality of the evidence in determining Plaintiff's

mental RFC.

           *b)*   *The ALJ improperly concluded that Mr. Weiss' opinions were consistent.*

The ALJ also found that Mr. Weiss' opinions were inconsistent with the record and not

supported. (R. 29). In a mental medical source statement dated April 29, 2019, Mr. Weiss

opined that Plaintiff had a moderate limitation in her ability to understand and remember

instructions, a marked and extreme limitation in "carrying out detailed instructions, maintaining

concentration for extended periods, performing activities within a schedule, maintaining

attendance and being punctual, sustaining a routine without supervision, working with others,

and completing a normal workday or week without interruptions from psychological

symptoms," and a moderate limitation in performing at a consistent pace with standard breaks

and in carrying out simple instructions. (R. 783-84). Mr. Weiss attributed such limitations to

Plaintiff's frequent panic attacks, disorientation, anxiety and fears, fatigue, and insomnia. (R.

784). Despite Mr. Weiss' long-standing treating relationship with Plaintiff, the ALJ pointed to

Mid-Hudson Behavioral Group reports which indicate that Mr. Weiss did not conduct a mental

status examination of Plaintiff. (R. 29). Instead, the ALJ gave little consideration to Mr. Weiss'

opinions in evaluating Plaintiff's mental RFC. (R. 29).

Reports are appropriate when a patient's subjective complaints serve as a diagnosis

tool, as with pain or psychological and psychiatric symptoms. *See Green-Younger v. Barnhart,*

335 F.3d 99, 107 (2d Cir. 2003) (noting that subjective symptoms of pain may serve as a basis

for establishing disability, even in the absence of supportive clinical findings); *Westphal v.*

*Eastman Kodak Co.,* 05-CV-6120, 2006 WL 1720380, at *5 (W.D.N.Y. June 21, 2006) ("Because

of the inherent subjectivity of a psychiatric diagnosis, and because a proper diagnosis requires a

personal evaluation of the patient's credibility and affect, it is the preferred practice that a

psychiatric diagnosis be made based upon a personal interview with the patient."). Though an ALJ may exercise discretion in weighing the credibility of a plaintiff's subjective complaints, she must evaluate such complaints with her treatment history and other evidence in the record. *See Bracken v. Colvin,* 16-CV-9488, 2017 WL 5999952, at *12 (S.D.N.Y. Sept. 19, 2017).

Here, Plaintiff's reports of her symptoms are consistent with the record as is determined by the ALJ. Mr. Weiss' diagnoses are consistent with those of Nurse Practitioner Susan Baez, whose examination reports highlighted observations of symptoms of anxiety, depression, and Plaintiff's "downcast" demeanor, having active diagnoses of Generalized Anxiety Disorder and Major Depressive Disorder (R. 527-41), and those of Dr. Murphy, whose opinion was deemed persuasive and consistent with the record. (R. 33). The ALJ failed to mention either of these sources in his opinion, but nonetheless determined that Mr. Weiss' opinion was inconsistent with the record as a whole. (R. 29).

The ALJ also failed to give proper weight to Mr. Weiss' opinions. An ALJ must consider information from other sources such as "social workers, which may also help ... to understand how [the claimant's] impairment affects [his] ability to work." *Krach v. Colvin*, 13-CV-1089, 2014 WL 5290368, at *14 (N.D.N.Y. Oct. 15, 2014) (quoting 20 C.F.R. § 404.1513(e)). Social workers' reports can constitute acceptable information to supplement information from medical sources. *Id.* Here, the ALJ noted that Mr. Weiss' opinions were given little consideration and deemed unpersuasive as a licensed clinical social worker was not considered an "acceptable medical source within the Social Security Administration Disability Program." (R. 29). Accordingly, the ALJ's decision to give Mr. Weiss' opinion little consideration in light of his credentials as a licensed clinical social worker was improper, and warrants reconsideration in

light of the other evidence in determining Plaintiff's mental RFC.

**IV.     CONCLUSION**

Accordingly, Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**, and the

Commissioner's Motion for Judgment on the Pleadings is **DENIED**, and the case is remanded for

further proceedings pursuant to 42 U.S.C. § 405(g).

**SO ORDERED.**


_____*s/  Ona T. Wang*_____

Dated: February 3, 2023                                                **Ona T. Wang**
        New York, New York                                  United States Magistrate Judge